The next case is Brown v. United States. Please be seated. May it please the court, my name is Andrew St. Laurent and I am the attorney for the of Kenya Brown. Your Honor, this appeal arises from a pro se petition for a writ of habeas corpus that was denied by the district court. Following that denial, Petitioner Kenya Brown sought a certificate of appealability from this court, which was granted as to the only issue that's before this court on the appeal. If you'll allow me, I'll just read from that certificate of appealability, I think it frames the issues here today. The one question is whether the district court correctly denied Appellant's 28 U.S.C. 2255 motion based on Brown's allegedly inconsistent statements without a hearing or affidavit from defense counsel at sentencing Joseph S. D'Amelio, responding to Appellant's claim that D'Amelio failed to file a direct appeal after Appellant requested him to do so. It is our submission that the district court did err by not obtaining such an affidavit. There is a general background presumption under the law that is set out in the applicable statute 28 U.S.C. 2255 that the district court should not limit itself to consideration solely of the petition filed by the petitioner unless the files and records of the case conclusively show that the prisoner is entitled to no relief. And this court has held that even quote improbable unquote claims cannot be dismissed solely on the basis of the district court's review of the petition, and that's Chang v. United States. Now, of course, this does not mean that in every case a petitioner is entitled to a full evidentiary hearing at which the petitioner appears, is allowed to call witnesses, and to put on testimony. Because this court has, and has the Supreme Court, long endorsed what Chang refers to as a permissible intermediate step that avoids the necessity of an expensive and time-consuming evidentiary hearing. And that is the obtaining of affidavits from persons other than the petitioner that can in addressing the petitioner's claim. That is the background regarding 28 U.S.C. 2255. But the district court doesn't have to even obtain the affidavit if the record here is conclusive as to the claim, right? Yes, Your Honor. That's correct. So here what we have is we have in the petition Mr. Brown says I would have appealed if my lawyer had explained the consequences of not appealing to me. You have two arguments, Your Honor. That is one of them, yes. And then much later he submits an affidavit and says actually I did appeal, and my lawyer refused to file the appeal. Well, it's a little bit different from that. I don't know if it's materially different. He said I expressed my desire to appeal to Mr. D'Amelio, and he said he would convey that to the district court. Which I think everyone for these purposes can see is he asked him to file a notice of appeal and he didn't. Right.  But I don't like what you said in your petition, and I think it's not credible that you said later on you just remembered that you actually asked him to file an appeal. Yes. So why isn't that a reasonable way to resolve the case? Well, two reasons. First of all, those statements are not contradictory. It's certainly possible and not even implausible that a defendant would ask for a defense counsel to explain the benefits and the disadvantages. It's not contradictory to say that counsel both failed to explain the benefits and also failed to file the notice of appeal. Yes, Your Honor. But it is contradictory when you say that the failure to explain the consequences was a but-for cause of my not appealing, and then later say, well, actually I did in fact decide to appeal. Right? Doesn't the first statement suggest that he decided against appealing because he wasn't properly informed? Your Honor. And the later statement says that he actually did decide to appeal. Isn't that a contradictory? It's not contradictory, Your Honor. It's inconsistent, and I do think there's an arguable inconsistency there, because both of those things could be true. And that's what goes into- But not the way I just said it. So it can't be true I decided not to appeal because I wasn't properly informed, and I decided to appeal, and my lawyer declined to file the notice. Those two things contradict each other. Yes, Your Honor. So the first statement doesn't imply that he decided not to appeal? Yes, Your Honor. But that's not exactly what Mr. Brown said in his initial opinion, in his initial arguments, which as I noted before, which is clear, you know, so this is the appendix at 86. Mr. Brown misunderstood the consequences of not filing a direct appeal, and in particular, Mr. Brown did not understand, nor was he advised, of the procedural default doctrine. If sentencing counsel had told Mr. Brown that unless Mr. Brown filed a direct appeal, his claims would be barred and could challenge his sentence, then he would have appealed. So- Right, so he is saying, if I had been informed, I would have appealed. But then later saying, actually I decided that I did want to appeal, and what prevented it from happening was my attorney's refusal to file the notice of appeal. Well, I do see the connection there, Your Honor. And there is an inconsistency that one would have expected Mr. Brown to put both of those ideas into the same papers and to the same line of argument in seeking relief from the district court below. But I don't believe that as a matter of fact, it is contradictory that a person would both have appealed had they had a better understanding. For example, he could have filed, he could have written to the district court, dear district court, please file this notice of appeal on my behalf. And also, at a later time, with a different lawyer, I'm sorry, Your Honor. At a later time with a different lawyer. It may have been, Your Honor, he had six different lawyers below. He had one of them twice. This was a case where Mr. Brown had a number of issues with his case and the prosecution of his case and with his defense. That went on for a very long time in the district court. And given those possible, and I would suggest plausible- So you're saying the way to reconcile them is to say the first statement is, I would have appealed at time one if I had been fully informed. And the second statement is, I did in fact appeal at time two, but my lawyer refused to file the papers. Yes, Your Honor, and I'm suggesting that's not only a possible but a possible, Your Honor, and that is the way in which pro se petitions have to be read according to the precedent from this court. What the district court did, I submit, was to put in tension two different arguments, and understandably so, I see what the court is seeing here, I see what the district judge saw. But when the direction from this court is to consider, and this is from United States versus Pilcher, the habeas petitioner's quote unquote strongest arguments, regardless of the quality of their presentation, that is not a proper way to proceed. You have to give the petitioner, who is again operating pro se here, the benefit of the doubt in terms of interpreting these types of arguments. And that's not just Pilcher, that's Parisi, and that is also conceded by the government. It's also true in civil petitions. And this court has in close cases, and I see I'm at the end of my time, I'll just finish this one thought, reversed in order for the district court to adequately develop the record, that's Razor versus United States. And ultimately, at the end of the day, given the relatively minor burden of so fulfilling the record here, in order to address a question of fundamental importance to Mr. Brown, I would ask that the court do so. Thank you very much for your consideration. Good afternoon, may it please the court. My name is Tiffany Lee, and I represent the United States. As counsel has described, the question that this court has certified is a limited one. And that is whether or not the district court correctly denied Mr. Brown's habeas petition without seeking an additional affidavit from his sentencing counsel or pursuing a hearing. And it's the government's position she correctly denied the petition here. But I agree with counsel when he says, it's not in every instance that additional information will be required. And obviously, it's the record before you that drives that answer as being yes, that the district court here correctly made the determination to deny Mr. Brown's habeas petition. And the record before you not only includes the fact of his papers producing, giving alternative positions. I would say in addition to the two positions that Mr. Brown pushed forward, vis-a-vis ineffective assistance of counsel on issues that could be appealed. He also added an additional third position that he was told by certain issues were not viable for appeal. So it's either that he had a conversation and consultation with counsel in terms of the viability of any appeal. Or counsel failed to consult with him as to the pros and cons of any appeal. But what about opposing counsel's argument that actually he had multiple attorneys, and so maybe all of these things are true? No, but all of these, this whole complaint rests on his last, his sentencing counsel's representation. His basically, his request for an appeal or his argument on his inability to bring forth issues on appeal only rest, only go to his representation by- It can't be understood as referred to different attorneys. No, because this is his only complaint, or I should say he had two complaints against his sentencing counsel. One was he didn't really put forth a vigorous sentencing paperwork. He just relied on his previous counsel's submissions or arguments. But his ultimate argument was he never consulted with me in terms of the viability of any appeal. So that I would not know that I would be foreclosed from- The district court's supposed to determine whether the record is conclusive, right? Correct. So he has three alternative stories, and even if they do contradict each other, we don't know which one is right, right? So how does the district court decide if the record is conclusive that he doesn't have a claim? Because it's conclusive also when you buttress it against the backdrop that the fact that Mr. Brown entered into a plea of guilty, and twice before this district court judge, during the plea colloquy, she reminded him vis-a-vis the appeal waiver and his collateral attack rights, that they would be limited. That if he were sentenced to 248 months within the range, he'd be waiving, he would not have the right to challenge the sentence. And then, ultimately, on the day of sentencing, he was told specifically by the district court judge, I'm reminding you, after she imposed the sentence, she said, by the way, you've waived your right to appeal the sentence. Yeah, so he went through that process, but we say in Camposano that even if somebody has an appeal waiver, if they request the filing of an appeal and there's no hearing on it, then that's erroneous. Like you still have the right, even if the result is going to be that it's going to be dismissed, you still have the right to file the appeal, right? That's true, right, I agree, that's what Camposano says. But I'm putting these facts in terms of, in consideration of Mr. Brown's credibility. Because what Mr. Brown is telling you is that, well, you know what? Right after that sentence, after the district court told me, you've waived your right to appeal, you cannot appeal any sentence. I went back to the marshal service, this is his ultimate affidavit to the district court in his habeas petition. And I told Mr. D'Amelio, I'm unhappy with my sentence, and I want to appeal. Which kind of impacts the credibility. Because she just advised him about waiving his rights to appeal. Correct, and then all of a sudden now- But obviously there are cases where somebody has an appellate waiver and decides they want to appeal. No. No, I'm not saying that the fact that he waived his right to appeal is a bar, or that it bars any consideration of it. I'm just saying that she's considering the lens of his credibility in conjunction with all his paperwork. In terms of this right to appeal that he felt that he either had a failure to consult with his counsel about the impact of his right to appeal, because- So it doesn't actually seem like that advice by the district judge does contradict the other stories that I wasn't fully informed. I guess because he got information at the hearing, but why is it implausible that he got that information from the judge, but then went to his lawyer and said, okay, I understand it's a long shot, but I want to file a notice of appeal anyway. So that might go towards in terms of factoring that whole notion of consulting, but it comes into contrast with saying specifically, I'm directing you to appeal. I counsel, I don't care, whatever, I know I waived my right to appeal, I want you to file an appeal. Well, if that were the only thing, if he had just filed a 2255 and an affidavit that said I told my lawyer to file an appeal, you wouldn't be arguing that that statement on its own, that's uncontradicted by the record, should be deemed uncorrect, or could deem it incredible because he had been adequately canvassed repeatedly about his appeal waiver, correct? Correct. And that's- So you're saying it's only different here because now we have two contradictory statements. The judge had to pick between the two, or was entitled to pick between the two. And you're saying that because there had been a canvas, repeated canvases, that supported the judge's selection of his assertion in the 2255, which is I would have appealed, meaning I didn't appeal. That makes it more credible that he didn't appeal. Correct. Or it just informs the landscape in terms of she's had this person appear in front of him multiple times. In the sense of crediting the one statement over the other. Potentially crediting the one over the other, which is what I believe she did. What's the standard of review? So the district court has to set the record as conclusive, which is pretty differential. But then, has the district court made a factual determination, review it for clear error? Is that, does it have to be clearly erroneous, the determination that she's crediting one statement over the other? What's the standard by which we evaluate the determination? So it's a mix. So generally on denials, it's abuse of discretion. On any factual determination, it's clear error. But on any denial of 2255, it's to no vote for you. So did the district court make a factual determination that Mr. Brown did not in fact ask his attorney to file the notice of appeal? I think she did not count that as a factual assertion. And then as to- So is that a factual finding? Are we reviewing a factual finding by the district court? I think the factual finding would be that that did not support his initial petition on the failure to consult. But in any event, I think in terms of- The district court didn't make a determination as to whether he in fact directed his lawyer to file the notice of appeal. She just did not, she did not find that statement to be credible. Well, I'm just looking at page 16, it says, she's going through facts, and she says this one fact supports a finding that petitioner did not ask D'Amelio to file a notice of appeal. I'm looking at page 15 to 16, kind of sounds like a factual finding. Correct. So she is making a factual determination based on the record. Okay, so if she makes a factual defining that he did not- Didn't in fact make that request, then how do we review that? What's the standard of review from us? Clear error. Did she clearly err in terms of making that determination? Okay. It's really a preliminary question that they're really arguing. It's not, I mean, maybe they are arguing that that's clearly wrong. But I thought it was more, it was premature to even make a determination. I think their argument is that there is an issue of fact, or there potentially could be an issue of fact, which requires additional information for the district court to decide. So almost like here, she's made a summary decision on the thrust or the plausibility of the ineffective assistance of counsel claim as to the sentence of counsel. Yeah, it gets complicated, right, because the district court is supposed to proceed to a hearing and get additional information unless the record is conclusive. So the district court does have some discretion to determine whether the record is conclusive, and maybe can make factual findings about that. But I suppose if the district court is making factual findings at that stage all the time, then you might eliminate the right to have a hearing or the normal procedure by which there is a hearing or an affidavit, right? So how do we navigate that? I think it's a case by case, it has to be a case by case. It's obviously going to be case by case in front of the district court judge. And again, there should be some deference in terms of the district court judge, particularly in this case. It's not as if she's new to this particular defendant, or this is the first time she's seeing him, or potentially even counsel involved. So she has the best front line view in terms of the record before her, the information provided in the petition, and not for nothing- It's always true if the district court always is the front line, right? That's true, but- And there's something unique about this case that she's the front line, but other cases the district court is- There might be- Behind or something? Allegations in which a district court judge has adopted cases from a judge who's stepped down, retired, or for whatever reason, may not have been part of the criminal case or the criminal process. She was. She was part of the plea, she was part of the sentence, and then afterwards, she's overseeing the petition. And in addition, the petition also includes other claims that he had made against his five other counsel, in which she had to assess credibility on some of those allegations as well. Unless there are any further questions, the government rests on its brief. Thank you. Thank you, Your Honors. I'm just going to briefly address the standard of review question, and then also what I believe the district court did below. The standard of review on this threshold question on whether there needs to be further factual development of the record is by clear error. That's Pugliese versus United- So your position is that it is. It was clearly erroneous for the district court to decide that he had not made that request. Yes, Your Honor. The record was conclusive. Yes, Your Honor. Because the only evidence on that question that spoke to that exact issue was the petitioner's own verified statement, sworn affidavit, that went exactly the opposite way. And the judge, the district court- If the petitioner had in fact made a statement that went, that was obviously not credible, like his first statement was, I wasn't fully informed, and his second statement was something about an alien abduction or something that we just are not going to credit, the district court would be entitled to say, I don't credit that, and we would say, well, the record is conclusive. Yes, Your Honor. If it was in the record, and that's where the previous decisions of this court has usually come down upon, where the evidence of trial, right? Clearly undermines the sworn statement by the petitioner after the fact. So the argument here is just that, even though the district court is entitled to make a factual finding about what happened here, it's just clearly erroneous to decide that the later version of events didn't happen. Correct, because- What we're reviewing for clear error is whether the record precludes the claim. Yes. Yes, Your Honor. And- I mean, the proceeding with the record is dispositive, and we review that, that's essentially what she's doing. I don't need an evidence hearing, the record is dispositive, it never happened. Yes, Your Honor. And we review whether that is correct after clear error. Yes, Your Honor. And here, the only evidence is the affidavit from the petitioner supporting his position. But instead, as Judge Nardini had pointed out, the district court reached through that decision and decided the ultimate decision of fact without developing the record, which I believe was error. Unless there are any other questions, I'll, thank you very much.